## DONALD KENNEDY, Respondent, *v.* ALBERT H. GOSS, Appellant.

*Promissory Note—Discharge of Maker—Extension by holder.*

A maker of a note is not discharged from his liability thereon by the holder of such note making an agreement with another party that, in consideration said party will endorse, the time of its payment shall be extended.

Nor is such maker discharged, although he has, in equity, become surety that a co-maker of the note shall pay the same.

About the 29th of August, 1859, and for some four years previous thereto, Charles N. Tuttle, Job Moses, and Sanford Greenman were copartners, as dealers in patent and other medicines, at Auburn, under the firm name of Tuttle, Moses & Greenman.

The Plaintiff, during their copartnership, sold and delivered to them medicines, &c., and on the 29th of August, 1859, there was a balance due to the Plaintiff of $2,711.38, for which the firm gave their note to the Plaintiff, payable sixteen months after date, with interest. On or about the first of September, 1859, Tuttle purchased the interest of Moses and Greenman in the firm property, agreeing to pay the firm liabilities ; and thereupon Tuttle as principal, and Austin Sherman as surety, executed a bond to Moses and Greenman, in the penalty of $25,000, conditioned to " assume and pay in full the liabilities of the said firm of Tuttle, Moses & Greenman, and at all times fully indemnify and save the said Moses and Greenman harmless therefrom, and from all costs and expenses on account of the same," &c.

In pursuance of an agreement between Tuttle, Moses & Greenman and the Defendant, in connection with the purchase, and as part of the purchase, the Defendant executed to Moses and Greenman a guaranty of the performance of the bond of indemnity by Sherman, with this clause : " It being the intent hereof that I shall become liable only in the event of deficiency after exhausting the remedies of the obligees in said bond against the obligors

thereof." The note of the firm to the Plaintiff for $2,711.38 is still owing and unpaid.

On or about the 28th of February, 1862, Moses and Greenman assigned the bond and guaranty aforesaid to the Plaintiff. In March, 1862, the Plaintiff commenced a suit against Tuttle and Sherman, upon their bond, the complaint setting forth the above facts, except those relating to the guaranty by the Defendant, and, on the 14th of April, 1862, recovered a judgment against the Defendants therein for the penalty of the bond, the damages being assessed at $3,209.46, and $22.30 costs.

Executions were issued upon the judgment, and returned nulla bona.

The debt to the Plaintiff remains wholly unpaid, and this action is upon the guaranty.

At the trial before the Court, without a jury, it was proved, in addition to the foregoing facts, that on the 26th of March, 1860, the Plaintiff verbally proposed to Sherman that he would pay him $75, and extend the time of payment of the note for $2,711.38 one year from the time of its maturity, if Sherman would endorse the note; that Sherman consented, and endorsed the note, and the Plaintiff paid him the $75. All this was without the knowledge or consent of the Defendant, and the Plaintiff did not take any legal proceeding to collect the note until after one year from its maturity; the agreement was not in writing, and the only evidence thereof was mere verbal testimony, which was received under objection by the Plaintiff, that the agreement was within the statute of frauds and void.

The decision at the trial, directed judgment in favor of Plaintiff for $3,410.72 and costs.

Judgment having been entered according to the decision, the Defendant served exceptions and appealed to the General Term, where the judgment was affirmed. The Defendant thereupon appealed to this Court.

*S. Hand* for the Appellant.

*T. R. Strong* for the Respondent.

GROVER, J.—There was evidence tending to establish all the facts found by the Judge. The exceptions to his findings of fact are not, therefore, available in this Court. The only exception to his legal rulings, necessary to consider, is that to his conclusion, that, from the facts found, the Plaintiff was entitled to recover.

By the assignment of the bond of Sherman, and the guaranty of the Defendant to the Plaintiff by Moses and Greenman, the Plaintiff is entitled to recover upon the guaranty, if Moses and Greenman could have recovered thereon. The ground relied upon by the Defendant's counsel to defeat a recovery by the Plaintiff is, that the Defendant was the surety of Sherman, upon his bond, and that the Plaintiff, by giving an extension of a year for the payment of his note to Sherman, without the consent of the Defendant, has thereby discharged him. A close examination of the facts found will, I think, render this ground entirely inapplicable to the present case. The debt of the Plaintiff was against Tuttle, Moses, and Greenman. They were all equally the principal debtors of the Plaintiff originally, and there is nothing showing that the Plaintiff had any knowledge that the relation of these parties was at all changed between each other in respect to his debt. It is true that, upon the sale of the assets of the firm by Moses and Greenman to Tuttle, the latter agreed to pay all the debts of the firm, including the note of the Plaintiff; but he had no knowledge of this arrangement. He was not, therefore, at all affected by it, and his rights arising from subsequent dealings by him with any of the parties cannot be affected by the relation created by the agreement between Tuttle, Moses, and Greenman, by which, as between them, Tuttle became the principal debtor, and Moses and Greenman his sureties. (Gahn *v.* Niemcewicz's Exrs., 11 Wend. 312.) .

The inquiry then is, whether the agreement of the Plaintiff with Sherman to extend the time for one year for the payment of the note discharged Moses and Greenman from their liability to the Plaintiff, and, consequently, Sherman from his liability upon his bond to them. If it did not, it follows that Moses and Greenman could at any time have paid the debt, and

proceeded for their indemnity against Sherman upon his bond, and against the Defendant as guarantor when properly charged as such, notwithstanding the Plaintiff's agreement with Sherman. Moses and Greenman were not parties to this agreement, and were not bound by it. The Plaintiff had no knowledge that Sherman was in any way liable for the payment of their note, and his only object in making the agreement with him was to render him liable by procuring his endorsement of the note. The question in this case is, whether one or more makers of a note are discharged from liability thereon by the holders making an agreement with some other person to extend the time of payment, in consideration of the endorsement of the note by such other. The bare statement of the question is sufficient to show that no such result could follow. The liability of the maker is not at all affected by such agreement. Whether the maker could avail himself of the extension agreed to be given to such subsequent endorser, need not be determined. It is clear that he is not discharged, and that his right to pay his debt is not suspended. This being so, Moses and Greenman's right to proceed against Sherman on his bond was not suspended, or the right of the Defendant to require them so to proceed; and, consequently, his liability as guarantor of Sherman's performance was not discharged. This liability, as assignee of Moses and Greenman, the Plaintiff is seeking to enforce; and the agreement by the Plaintiff with Sherman to extend the time of payment of the note, in consideration of his endorsement having been made in ignorance of any change in the relations of Moses, Greenman and Tuttle in respect to the note, and of Sherman's liability for its payment by virtue of his bond, or the Defendant's guaranty of the same, furnishes no defence to the action. The judgment must be affirmed.

Woodruff, J.—By the giving of time to Sherman, the principal debtors, Moses and Greenman, were not released from their liability to the Plaintiff; they were absolutely bound to him for the debt. True, Sherman had become bound to them that Tuttle should pay it; but the Plaintiff's agreement, if it be regarded

as giving time to Sherman to perform his duty to Moses and Greenman, did not operate to discharge them, whether Kennedy had knowledge of Sherman's previous undertaking or not

It follows, that when the period of extension had expired, Moses and Greenman remained liable to the Plaintiff. Sherman had not paid the debt.

The Defendant had become bound to them that Sherman should perform his undertaking, and Sherman had not done so. Thereupon a clear liability of the Defendant to Moses and Greenman arose, which they could enforce. The debt was not paid. Nothing had been done which could operate to release them. They had done nothing which could operate to release Goss, the Defendant, from his obligation to them, that the debt should be paid.

Kennedy, the Plaintiff, could maintain his action against them, and compel payment. They, in turn, could maintain their action against this Defendant, and recover from him that which he had agreed Sherman should pay for them.

In this relation between them and this Defendant, Goss, it was entirely competent to them to assign to Kennedy, the actual creditor, their right to pursue this Defendant, surety to them, and they have done so.

On this ground I concur in affirming the judgment.

MASON, J., concurs in this view of the case, and places his vote solely upon this ground.